668 P.2d 1101

Louis QUINTANA, Petitioner-Appellee,

v.

NEW MEXICO DEPARTMENT OF
CORRECTIONS, et al.,
Respondents-Appellants.

Andrew James DEVINE, Petitioner,

v.

Joseph V. GUTIERREZ, Respondent.

Nos. 14497, 14592.

Supreme Court of New Mexico.

Sept. 7, 1983.

Paul Bardacke, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for respondents-appellants in No. 14497, petitioner in No. 14952.

Sarah M. Singleton, Santa Fe, for petitioner-appellee in No. 14497, respondent in No. 14592.

## OPINION

RIORDAN, Justice.

By order of this Court the petition for habeas corpus filed by James Andrew Devine (Devine), *Devine v. Gutierrez*, S.Ct. No. 14,592, was consolidated with the State's appeal in *Quintana v. New Mexico Department of Corrections*, S.Ct. No. 14,497. We reverse the decision of the trial court as to Quintana, and deny Devine's writ of habeas corpus.

The issue on appeal is which statute governs parole eligibility for persons who committed non-capital and capital felonies between July 1, 1979 and February 22, 1980.

### Quintana

On November 7, 1979, Louis Quintana (Quintana) pleaded guilty to an aggravated burglary committed on August 7, 1979. He was sentenced to serve nine years with one and one-half years suspended. Approximately two years later, Quintana filed a writ of habeas corpus claiming he was entitled to a parole hearing upon serving one-third of his sentence, pursuant to 1977 N.M. Laws, ch. 217 (Chapter 217). He further claimed that 1980 N.M. Laws, ch. 28 (1980 law), which the parole board relied on, did not apply to him. The 1980 law required persons convicted of a first, second or third degree felony to undergo a two-year parole term after completion of their sentence. After an evidentiary hearing, the trial court found that the application of the 1980 law to Quintana violated the *ex post facto* state provisions of the New Mexico and United States Constitutions. The trial court ordered the State to provide a parole release hearing to Quintana. The State appeals.

### Devine

Andrew James Devine (Devine) was arrested and charged with first degree murder. He was convicted and is presently serving a life sentence. Devine filed a motion for declaratory judgment in Eddy County and a writ of habeas corpus in Valencia County, seeking to establish his right to a parole hearing upon completion of ten years of imprisonment. Both were denied. He then filed a writ of habeas corpus in this Court. Devine claims that he is entitled to a parole hearing after serving ten years. Under the 1980 law, he must serve thirty years before becoming eligible for a parole hearing.

### Legislative History

There are four laws pertaining to parole eligibility that we consider. In order to determine which statute applies, we must initially construe the legislative intent. All of the provisions of a statute, together with other statutes *in pari materia,* must be read together to ascertain the legislative intent. *Allen v. McClellan,* 75 N.M. 400, 405 P.2d 405 (1965).

The first law we discuss is 1955 N.M. Laws, ch. 232 (1955 law)[1] which affected the parole eligibility requirement for prisoners serving life sentences. The 1955 law stated that such a prisoner was eligible to appear before the parole board after serving ten years. Prisoners sentenced for less than ten years were eligible for a parole hearing after completing one-third of their *minimum* sentences under the then "indeterminate" sentencing law.

The second law we discuss is 1977 N.M. Laws ch. 216 (Chapter 216)[2] which became effective July 1, 1979. Chapter 216 enacted a "determinate" sentencing plan that did away with parole eligibility for all but capital cases. Capital felons sentenced to life imprisonment became eligible for a parole hearing upon completion of thirty years of their sentence. Chapter 216 specifically *repealed* 1955 N.M.Laws, ch. 232, Section 13.

The third law we discuss is Chapter 217[3] which was approved the same day as Chapter 216, and which *amended* the 1955 law. Chapter 217 enacted a victim restitution law and contained the same parole eligibility requirements as the 1955 law. Chapter 217 was not given an effective date but was passed during the same legislative session as Chapter 216, which adjourned March 19, 1977. Chapter 217 became effective ninety days after the close of the session pursuant to N.M. Const., art. IV, Section 23.

The fourth and final law we discuss is the 1980 law.[4] The 1980 law restates the provisions of Chapter 216, doing away with parole eligibility for non-capital felons, and requiring capital felons sentenced to life imprisonment to serve a minimum of thirty years before becoming eligible for a parole hearing. The 1980 law stated that its provisions applied to all persons sentenced for crimes committed on or after July 1, 1979, and who had not been placed or become eligible to be placed on parole prior to February 22, 1980 (the effective date of the law). The 1980 law contained an emergency clause so that it became effective February 22, 1980.

*Statutory Construction*

██ Quintana and Devine argue that when two acts of the same legislative session conflict, the statute which is the latest enactment operates to repeal the previous enactment. They cite NMSA 1978, Section 12–1–8, and *State v. Marcus,* 34 N.M. 378, 281 P. 454 (1929), in support of this proposition. Section 12–1–8 and *Marcus,* however, are not dispositive in the present case. Section 12–1–8 applies to rules of construction governing compilation of statutes. In *Marcus,* the Court relied on the effective dates given to two statutes, rather than the order in which both laws were approved. All rules of statutory construction are but aids in arriving at the true legislative intent. *Bradbury & Stamm Construction Co., Inc. v. Bureau of Revenue,* 70 N.M. 226, 372 P.2d 808 (1962).

██ Quintana and Devine argue that Chapter 217 is the applicable statute and that the 1980 law is not applicable in their respective cases because it is *ex post facto* and therefore prohibited by the New Mexico and United States Constitutions. However, we do not address that issue. We determine that the Legislature intended Chapter 216 to apply to persons sentenced for crimes committed after July 1, 1979, because Chapter 216 *repealed* the 1955 law whereas Chapter 217, approved after Chapter 216, only *amended* the 1955 law. It is not logical for the Legislature to repeal the law and then amend it. Therefore, Chapter 217 cannot be given effect because Chapter 216 repealed the law Chapter 217 purported to amend. The Legislature apparently enacted the 1980 law with an emergency

1.  1955 N.M.Laws, ch. 232, Section 13 was repealed and NMSA 1978, Section 31–21–10 (Supp.1982) was enacted in its place.

2.  1977 N.M.Laws, ch. 216, Sections 1 through 10 are compiled as NMSA 1978, Sections 31–18–12 through 31–18–21.

3.  1977 N.M.Laws, ch. 217, Section 3 was repealed by 1980 N.M.Laws, ch. 28, Section 6, and is compiled as NMSA 1978, Section 31–21–10 (Repl.Pamp.1981).

4.  1980 N.M.Laws, ch. 28, Section 1 is compiled as NMSA 1978, Section 31–21–10 (Supp.1982).

clause to correct the apparent inconsistency in parole eligibility created by Chapter 217. When interpreting a statute we presume that the Legislature was informed as to existing law, and that the Legislature did not intend to enact a law inconsistent with any existing law. *City Commission of Albuquerque v. State ex rel. Nichols,* 75 N.M. 438, 405 P.2d 924 (1965).

We determine that Chapter 217, which had exactly the same parole eligibility as the 1955 law, applies to all inmates whose crimes were committed prior to July 1, 1979. Parole for inmates who committed crimes between July 1, 1979 and February 22, 1980, are governed by the provisions of Chapter 216. Parole for inmates who committed crimes on or after February 22, 1980, are governed by the 1980 law. No inmate who is sentenced for committing a crime after July 1, 1979, may be paroled before serving his full term unless confined for a capital life sentence, in which case the eligibility is thirty years.

The issue of whether application of the 1980 law is *ex post facto,* need not be addressed. We find that the State's intended application of the 1980 law to Quintana is incorrect. The correct statute to apply is Chapter 216 since his crime was committed between July 1, 1979 and February 22, 1980. Quintana is not entitled to a parole hearing. Therefore, we reverse the trial court's order that Quintana be given a parole hearing pursuant to Chapter 217, because Chapter 217 was repealed effective July 1, 1979.

Furthermore, we deny Devine's writ of habeas corpus. The correct statute to apply is Chapter 216 since his crime was committed between July 1, 1979 and February 22, 1980. Devine will not be eligible for a parole hearing until he has served a minimum of thirty years of his life sentence.

IT IS SO ORDERED.

FEDERICI and STOWERS, JJ., concur.