**Leatch Allen HELKER, Petitioner–Appellant,**

**v.**

**John SHANKS, Respondent–Appellee,**

**and**

**Tom Udall, Attorney General, State of New Mexico, Respondent.**

**No. 94–2113.**

United States Court of Appeals, Tenth Circuit.

Feb. 14, 1995.

Leatch Allen Helker, pro se.

Tom Udall, Atty. Gen., Margaret McLean, Asst. Atty. Gen., Santa Fe, NM, for respondent-appellee.

Before KELLY and SETH, Circuit Judges, and KANE,* District Judge.

SETH, Circuit Judge.

Petitioner Leatch Allen Helker, an inmate in the custody of the State of New Mexico

---

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

representing himself, appeals from the denial of habeas relief under 28 U.S.C. § 2254. We exercise jurisdiction under 28 U.S.C. § 1291.[1]

From petitioner's somewhat murky factual allegations, we can determine that he was sentenced in 1974 to ten to seventy years' imprisonment, after being convicted of attempted rape, sodomy, and aggravated burglary. He was later granted parole, although the date of parole does not appear in the record. At the time of petitioner's offenses, New Mexico law provided for "indeterminate" sentencing, including indeterminate parole. *See Quintana v. New Mexico Dep't of Corrections*, 100 N.M. 224, 226, 668 P.2d 1101, 1103 (1983). New Mexico has since adopted "determinate" sentencing. *See id.* Petitioner argues that the New Mexico Probation and Parole Act (Parole Act), N.M.Stat.Ann. §§ 31–21–3 to –19, creates an entitlement to determinate parole, and that he is therefore entitled to habeas relief on a due process/liberty interest theory.

Petitioner relies in particular on section 31–21–18, which states:

> The provisions of the Probation and Parole Act ... apply to all persons who, at the effective date, are on probation or parole, or eligible to be placed on probation or parole under existing laws, with the same effect as if the act had been in operation at the time they were placed on probation or parole or become eligible to be placed thereon.

Petitioner argues that this language mandates that his indeterminate term of parole be converted to a two-year term, as provided in section 31–21–10(C), enacted in 1980.

■ "Whether an interest created by state law rises to the level of a 'liberty interest' protected by the Due Process Clause of the Fourteenth Amendment is a matter of federal law." *Montero v. Meyer*, 13 F.3d 1444, 1447 (10th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 231, 130 L.Ed.2d 156 (1994). The

scope of a state-created liberty interest, however, is a question of state law. *Id.* We review the district court's determination of state law de novo. *Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

■ It is unnecessary for us to determine here whether the Parole Act creates an entitlement to determinate parole because, whether it does or not, the New Mexico Supreme Court has decided that section 31–21–10 applies only to persons whose crimes were committed on or after February 22, 1980. *Quintana*, 100 N.M. at 226–27 & n. 4, 668 P.2d at 1103–04 & n. 4. That decision on the scope of the state statute is conclusive and binding on us. *See Manlove v. Tansy*, 981 F.2d 473, 478 (10th Cir.1992).

The applicability language of section 31–21–18 does not alter this result. Section 31–21–18 was enacted in 1963. Section 31–21–10, as it reads now, was enacted in 1980. 1980 N.M. Laws ch. 28, § 1. The phrase "at the effective date" in section 31–21–18 cannot reasonably be read to mean that all subsequent amendments to the Parole Act are retroactive to 1963. Therefore, because petitioner's offenses were committed before February 22, 1980, section 31–21–10 does not apply to him, he is not entitled to determinate parole, and he cannot establish a liberty interest to support his due process claim.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.