This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-35721**

**MARTIN SANCHEZ, Individually and as Personal Representative for the ESTATE OF CLIFFORD SANCHEZ; PHIL SANCHEZ; and STEVEN SANCHEZ, Individually,**

Plaintiffs-Appellants,

**v.**

**JOSE LUJAN,**

Defendant-Appellee,

**and**

**GILBERT SANCHEZ; ESSENTIA INSURANCE COMPANY; and HAGERTY INSURANCE AGENCY, LLC,**

Defendants,

**and**

**CENTRAL MUTUAL INSURANCE COMPANY,**

Plaintiff-In-Intervention,

**v.**

**JOSE LUJAN; GILBERT SANCHEZ; MARTIN SANCHEZ, Individually and as the Personal Representative for the ESTATE OF CLIFFORD SANCHEZ; PHIL SANCHEZ; and STEVEN SANCHEZ,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Francis J. Mathew, District Judge**

Atler Law Firm, P.C.
Timothy J. Atler
Albuquerque, NM

Cruz Law Office, LLC
Ernestina R. Cruz
Taos, NM

Sanchez Law Firm
Dennis T. Sanchez
Taos, NM

for Appellants

Allen, Shepherd, Lewis and Syra, P.A.
E.W. Shepherd
Courtney A. Schumacher
Tiffany A. Owens
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}**     Plaintiffs Martin Sanchez, Phil Sanchez, and Steven Sanchez sued Defendant Jose Lujan for the wrongful death of Clifford Sanchez (Decedent) on a negligence theory. The district court granted Defendant's motion for summary judgment. On appeal, Plaintiffs argue that the district court erroneously entered summary judgment as a sanction. We reject this argument, concluding that the district court granted summary judgment on the merits. In the alternative, Plaintiffs argue that if the district court entered summary judgment on the merits, it erred in various ways, including by not giving Plaintiffs more time to respond to the summary judgment motion with the benefit of discovery.[1] We agree and reverse.

## BACKGROUND

---

[1]Plaintiffs also argue that the district court failed to follow the proper procedure for entering summary judgment in the absence of a response by the nonmoving party, and that Defendant was not entitled to judgment as a matter of law based on the undisputed material facts. We do not reach these issues.

**{2}** Plaintiffs' claims against Defendant and others arose from a tragic hunting accident. Plaintiffs allege in their complaint that Defendant and Gilbert Sanchez (Gilbert) were using Defendant's pick-up truck to hunt for elk together. According to Plaintiffs' complaint, with Defendant behind the wheel, Gilbert spotted an elk, directed Defendant to stop, and either fired his gun from inside Defendant's truck or took a few steps from the truck before firing. Instead of shooting an elk, Gilbert shot Decedent, killing him.

**{3}** Less than four months after Plaintiffs filed their complaint, Defendant moved for summary judgment, relying exclusively on his own affidavit to establish the following facts, which he contended were undisputed. At the time of the incident that caused Decedent's death, Defendant did not possess a hunting permit, was not hunting, and did not intend to hunt. Defendant accompanied Gilbert solely to spend time with him because they were friends. Gilbert chose the route of travel throughout the excursion. While spotting elk, Gilbert would direct Defendant to stop the vehicle. At the time of the incident, Gilbert indicated to Defendant that he thought he had spotted an elk and directed Defendant to stop the vehicle. Gilbert left the vehicle and "disappeared from Defendant['s] sight into brush." When Gilbert shot Decedent, Defendant was inside his vehicle, unable to see or communicate with Gilbert. These facts, Defendant argued, entitled him to summary judgment as a matter of law because: (1) Defendant neither participated in nor facilitated the shooting of Decedent; (2) Defendant had no duty to control Gilbert; and (3) Defendant was not jointly and severally liable for Gilbert's actions because the two men did not share a common purpose. Based on these facts, Defendant argued that Plaintiffs' negligence claim failed because he owed no duty to the Decedent or Plaintiffs, and that Plaintiffs' vicarious liability theory failed as a matter of law.

**{4}** Rather than responding to Defendant's motion on its merits, Plaintiffs filed a separate motion pursuant to Rule 1-056(F) NMRA within the time prescribed for responding to a summary judgment motion. In their motion, Plaintiffs requested leave to conduct discovery regarding the factual assertions in Defendant's affidavit. Plaintiffs informed the district court that they needed to "tender written discovery" and "take depositions to more fully flesh out the facts at issue." They therefore asked the district court to "stay a ruling" on the summary judgment motion "until such time as the requested discovery is complete" and asked for "sufficient time" to file a response brief. In response to Plaintiffs' Rule 1-056(F) motion, Defendant explained that he did not oppose the motion "in principle" and indicated that he would not have opposed a request to depose Defendant and "allow limited written discovery" within a reasonable period of time, such as sixty days. Defendant stated, however, that an unlimited amount of time for discovery on the motion was neither appropriate nor warranted. The parties completed briefing on the Rule 1-056(F) motion on July 29, 2014.

**{5}** On October 21, 2014, Defendant filed a notice of completion of briefing on his summary judgment motion, indicating that Plaintiffs had not responded. On November 4, 2014, Plaintiffs served interrogatories and requests for production on Defendant through his counsel. Plaintiffs served additional requests for production on Defendant on December 18, 2014. Although Defendant did not respond to any of these discovery

requests, Plaintiffs did not move to compel responses before the summary judgment hearing four months later.

{6}     On April 16, 2015, the district court held a hearing on Defendant's motion for summary judgment. During the hearing, Defendant argued that Plaintiffs had not disputed the material facts in Defendant's summary judgment motion and that Plaintiffs had not cited any law to justify denying the motion. Defendant argued that Plaintiffs had had a reasonable time to complete discovery and that the court should grant the motion because there were no issues of material fact. For their part, Plaintiffs argued that they had responded to the motion for summary judgment by moving for discovery and additional time to file a response under Rule 1-056(F). Plaintiffs informed the court that they had served written discovery on Defendant, who had failed to respond, and that they wished to depose Defendant and Sanchez.

{7}     The district court noted that Plaintiffs had not disputed the material facts in Defendant's motion by responding to the motion for summary judgment, and that nine months should have been enough time to complete the needed discovery. After further argument, the district court granted the motion, stating that Defendant "made a prima facie showing for purposes of summary judgment."

{8}     Plaintiffs moved to reconsider, reiterating that the summary judgment motion was premature because discovery was necessary to properly respond to the motion on the merits and that Defendant had failed to respond to Plaintiffs' discovery requests. Plaintiffs argued that the court had granted the motion as a sanction for their failure to respond and suggested that a lesser sanction might be appropriate because they had responded to the motion by requesting discovery, rather than "outright ignor[ing]" it. They accordingly asked the court to reinstate the matter, enter a scheduling order setting a discovery deadline, and stay ruling on the summary judgment motion until the conclusion of all discovery, or at least until the completion of discovery pertinent to the summary judgment motion.

{9}     At the hearing on Plaintiffs' motion, Defendant argued, among other things, that he had "made a prima facie showing of summary judgment." The court agreed: "Defendant made a prima facie case. The Plaintiff[s] failed to file a response[ or] take appropriate action for the purpose of pursuing discovery for purposes of the motion." The court denied the motion to reconsider. Plaintiffs appealed.

**DISCUSSION**

**I.      The District Court Did Not Enter Summary Judgment as a Sanction**

{10}    Plaintiffs argue that the district court incorrectly granted summary judgment for Defendant as a sanction for abusive litigation tactics. We disagree with Plaintiffs' interpretation of the district court's ruling. Viewing the district court's remarks about its rulings in light of our summary judgment jurisprudence and parlance, we conclude that the court granted Defendant's motion on the merits. Accordingly, we reject Plaintiffs'

arguments that (1) the district court failed to consider the requisite factors for sanctions; (2) the court did not make findings of fact and conclusions of law sufficient to warrant dismissal without prejudice as a sanction; and (3) the facts did not warrant the severe sanction of dismissal with prejudice.

**{11}** Rule 1-056 governs summary judgment. Rule 1-056(B) provides: "A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may move with or without supporting affidavits for a summary judgment as to all or any part thereof." Rule 1-056(C) sets the standard for granting summary judgment on the merits:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"To obtain summary judgment, the moving party must meet an initial burden of establishing a prima facie case." *Freeman v. Fairchild*, 2018-NMSC-023, ¶ 16, 416 P.3d 264 (internal quotation marks and citation omitted). The moving party makes a "prima facie case" or "prima facie showing" by establishing that "there is no dispute about the facts and that the movant is entitled to judgment as a matter of law[.]" *Gordon v. Sandoval Cty. Assessor*, 2001-NMCA-044, ¶ 12, 130 N.M. 573, 28 P.3d 1114. In other words, the phrases "prima facie case" and "prima facie showing" are shorthand for the summary judgment standard in Rule 1-056(C). "If the moving party establishes a prima facie case, the burden shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Freeman*, 2018-NMSC-023, ¶ 16; *see* Rule 1-056(E) (explaining that when the burden shifts to the nonmoving party, that party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial").

**{12}** The phrases "prima facie case" and "prima facie showing" are firmly embedded in our summary judgment jurisprudence. For over four decades, our courts have used these interchangeable phrases to describe the showing that shifts the burden to the party resisting summary judgment—the showing that warrants entry of summary judgment if the resisting party fails to carry its burden. *See Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280 ("[S]ummary judgment may be proper when the moving party has met its initial burden of establishing a prima facie case for summary judgment."); *Goodman v. Brock*, 1972-NMSC-043, ¶ 8, 83 N.M. 789, 498 P.2d 676 ("[O]nce [the] defendants had made a prima facie showing that they were entitled to summary judgment, the burden was on [the] plaintiff to show that there was a genuine factual issue and that defendants were not entitled as a matter of law to summary judgment."); *Rekart v. Safeway Stores, Inc.*, 1970-NMCA-020, ¶ 26, 81 N.M. 491, 468 P.2d 892 (same).

**{13}** In this case, the district court echoed the language of longstanding New Mexico precedent three times. *See Jeantete v. Jeantete*, 1990-NMCA-138, ¶ 11, 111 N.M. 417, 806 P.2d 66 (recognizing that we "may consider the trial court's verbal comments in order to clarify or discern the basis for the order or action of the court below"). As discussed, the district court's words have but one meaning in the summary judgment context in New Mexico. The court was terse but clear: it granted Defendant's motion because it concluded he had carried his burden under Rule 1-056(C), entitling him to summary judgment because Plaintiffs failed to carry theirs.

**{14}** Nothing in the record gives us reason to conclude that the district court entered judgment against Plaintiffs as a sanction. Plaintiffs do not identify any reference to sanctions in the district court's written orders or oral statements. Nor do Plaintiffs identify any defense request for a sanction. Instead, Plaintiffs point to a number of comments the district court made about what it believed was Plaintiffs' lack of diligence in pursuing their Rule 1-056(F) motion, obtaining the discovery to respond to Defendant's summary judgment motion on the merits, and filing such a response. For example, the district court stated that Plaintiffs had "some obligation other than to say [they] need[ed] more time . . . [and could not] just sit there and do nothing for a year." Similarly, the district court noted that Plaintiffs had not responded to the merits of the summary judgment motion and opined that "[n]ine months should have been ample time" for Plaintiffs to obtain the discovery they were asking for. The district court made other similar remarks. We do not interpret any of the district court's statements as justifications for sanctioning Plaintiffs. The district court was explaining its reasons for proceeding to a decision on the merits of the summary judgment motion and for rejecting Plaintiffs' request for additional time to conduct discovery and respond to the motion on the merits.

**{15}** Accordingly, the requirements for imposing sanctions do not apply. The district court was not obligated to consider the factors that pertain to sanctions. *See Freeman*, 2018-NMSC-023, ¶ 18 (concluding that district court is only required to consider sanction factors when it "is considering whether to grant a motion for summary judgment as a sanction for abusive litigation conduct"). Nor was it obligated to make findings of fact and conclusions of law or provide any other detailed explanation for its ruling. *Compare id.* ¶ 21 (requiring specific findings of fact and conclusions of law "[i]f the district court determines that summary judgment should be granted as a sanction"), *with Skarda v. Skarda*, 1975-NMSC-028, ¶ 12, 87 N.M. 497, 536 P.2d 257 (recognizing "that the trial court is not required to adopt a separate opinion or enter a recital in the record as to the exact grounds" for summary judgment). Finally, the district court was not obligated to determine whether any litigation conduct was so "extreme" that it warranted the "severe" sanction of dismissal with prejudice. *Freeman*, 2018-NMSC-023, ¶ 20.

## II.     The District Court Granted Summary Judgment Prematurely

**{16}** Plaintiffs argue that the district court erroneously denied them additional time to complete the discovery they assert that they needed to respond to Defendant's

summary judgment motion on the merits. We review claims that a district court granted summary judgment prematurely for abuse of discretion. *Flagstar Bank, FSB v. Licha*, 2015-NMCA-086, ¶¶ 23-24, 356 P.3d 1102, *abrogated on other grounds as recognized by PNC Mortg. v. Romero*, 2016-NMCA-064, 377 P.3d 461. A ruling is an abuse of discretion when it "is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case[,]" *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153, or is "arbitrary, fanciful or unreasonable[,]" *Mayeux v. Winder*, 2006-NMCA-028, ¶ 34, 139 N.M. 235, 131 P.3d 85.

**{17}**    In New Mexico, we have a "strong bent in favor of deciding matters on their merits" after all interested parties have had a reasonable opportunity to present the legal arguments and the evidence they believe supports their positions. *Atherton v. Gopin*, 2015-NMCA-003, ¶¶ 18, 27, 340 P.3d 630 (reversing district court's ruling prohibiting party opposing summary judgment motion from responding to undisputed facts in moving party's motion). This overarching view of summary judgment is consistent with our case law regarding the timing of summary judgment rulings. "[A]s a general rule, a court should not grant summary judgment before a party has completed discovery, particularly when further factual resolution is essential to determine the central legal issues involved or [when] the facts before the court are insufficiently developed." *Sun Country Sav. Bank of N.M., F.S.B. v. McDowell*, 1989-NMSC-043, ¶ 27, 108 N.M. 528, 775 P.2d 730 (citations omitted).

**{18}**    But this general rule "is not absolute." *Carillo v. My Way Holdings, LLC*, 2017-NMCA-024, ¶ 7 n.7, 389 P.3d 1087; *see Romero v. Giant Stop-N-Go of N.M., Inc.*, 2009-NMCA-059, ¶ 17, 146 N.M. 520, 212 P.3d 408 (recognizing that the general rule is not universal). When determining whether a district court granted summary judgment without affording the nonmoving party an adequate opportunity to complete discovery, we consider "several critical factors": (1) "whether the [nonmoving] party sought a continuance at the summary judgment motion hearing to complete its discovery"; (2) "whether, after the filing of the summary judgment motion until the grant of summary judgment, sufficient time existed for the nonmoving party to use discovery procedures and obtain necessary discovery"; (3) "whether an affidavit opposing summary judgment contained a statement of the time required to complete the discovery, the particular evidence needed, where the particular evidence was located and the methods used to obtain the evidence"; and (4) "whether the party moving for summary judgment gave an appropriate response to a discovery request from the nonmoving party." *Sun Country Sav. Bank*, 1989-NMSC-043, ¶ 27.

**{19}**    Applying these factors, we conclude the district court granted summary judgment prematurely. The first factor favors Plaintiffs. They asked for a continuance at the summary judgment hearing so that they could complete discovery.

**{20}**    The second and fourth factors relate closely to each other in this case because both Plaintiffs and Defendant bear some responsibility for the Rule 1-056(F) discovery not being complete at the time of the summary judgment hearing. The second factor favors Defendant, but the fourth factor favors Plaintiffs. Over ten months passed

between the filing of Defendant's summary judgment motion and the district court's order granting summary judgment. This would have been more than enough time to complete the discovery at issue had both Plaintiffs and Defendant been diligent. *See Bierner v. City of Truth or Consequences*, 2004-NMCA-093, ¶¶ 23-27, 136 N.M. 197, 96 P.3d 322 (holding that the trial court did not err in granting summary judgment because, among other factors, the plaintiffs had over four months to complete discovery); *see also Sun Country Sav. Bank*, 1989-NMSC-043, ¶ 27 (holding that trial court did not err in granting summary judgment because, among other factors, the plaintiffs had two and a half months to complete discovery). After Defendant moved for summary judgment, Plaintiffs waited approximately five months to propound interrogatories and requests for production. Defendant's responses to Plaintiffs' discovery requests were due months before the court granted the summary judgment motion, but Defendant never responded. Had Defendant responded, the fourth factor would have weighed in his favor. *See Sun Country Sav. Bank*, 1989-NMSC-043, ¶ 27 (holding that trial court did not err in granting summary judgment because, among other factors, the nonmoving party had received responses to their discovery requests); *Bierner*, 2004-NMCA-093, ¶¶ 27 (holding that trial court did not err in granting summary judgment because, among other factors, nonmoving party received responses to interrogatories and requests for production and did not contend that moving party did not respond to any discovery requests). Despite Defendant's failure to respond, Plaintiffs did not move to compel. Nor did they notice any depositions. In sum, Plaintiffs did not act with urgency, but Defendant contributed to the delay by failing to respond to discovery requests that it acknowledged Plaintiffs had a right to pursue under Rule 1-056(F).

**{21}** The third factor favors Plaintiffs. In their Rule 1-056(F) motion, Plaintiffs specified that they needed written discovery and depositions, including of Defendant, whose testimony formed the entire factual foundation for his summary judgment motion. Plaintiffs stated in their briefing that they would confer with Defendant about how much time was reasonable for Plaintiffs to complete the proposed discovery, and Plaintiffs requested that the Court grant Plaintiffs ninety days from the entry of its order setting a deadline if the parties could not agree. These facts distinguish Plaintiffs' case from those in which the nonmoving party failed to provide such specific information. *See Sun Country Sav. Bank*, 1989-NMSC-043, ¶ 29(affirming summary judgment because, among other things, nonmoving party did not describe time needed for discovery or the methods to be used to obtain the evidence needed); *Bierner*, 2004-NMCA-093, ¶ 27 (affirming summary judgment because, among other things, the parties opposing summary judgment did not give the district court information about the particular evidence they needed to respond to the summary judgment motion).

**{22}** Defendant argues on appeal that Plaintiffs did not fully comply with Rule 1-056(F) because they did not submit an affidavit supporting the assertions they made in support of their request for more time to seek discovery. We agree. *See Romero*, 2009-NMCA-059, ¶ 18 (recognizing that Rule 1-056(F) requires a supporting affidavit). However, at no time during the district court proceedings did Defendant contend that the lack of an affidavit was problematic. Nor did Defendant or the district court identify any other defect in the content or form of Plaintiffs' Rule 1-056(F) request. Considering all of the

circumstances, the third *Sun Country Savings Bank* factor weighs in favor of Plaintiffs despite their failure to submit a supporting affidavit.

**{23}**     Viewing all of the factors together, we see no reasonable justification for deviating from the general rule that summary judgment is premature when the nonmoving party has not completed discovery. As the district court's remarks indicate, it focused on just one of the four factors—the one that favored Defendant. However, all of the factors are "critical[,]" *Sun Country Savings Bank*, 1989-NMSC-043, ¶ 27, and the remaining three factors favor Plaintiffs. Under our "more exacting" review of orders granting "final relief without consideration of the merits of a claim or defense[,]" *Skeen v. Boyles*, 2009-NMCA-080, ¶ 43, 146 N.M. 627, 213 P.3d 531, we conclude that the district court should have afforded Plaintiffs more time to complete the pertinent discovery and respond on the merits.

**CONCLUSION**

**{24}**     We reverse the entry of summary judgment and remand for further proceedings consistent with this opinion.

**{25}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**MICHAEL D. BUSTAMANTE, Judge Pro Tempore**